SPRING BROOK GARDENS, INC., A NEW JERSEY CORPO-
RATION, PROSECUTOR, v. BOARD OF ADJUSTMENT OF
THE TOWNSHIP OF SPRINGFIELD AND THE TOWN-
SHIP OF SPRINGFIELD IN THE COUNTY OF UNION,
DEFENDANTS.

Argued May 4, 1948—Decided July 15th, 1948.

Before Justices BODINE, HEHER and WACHENFELD.

For the prosecutor, *Harry Silverstein.*

For the defendants, *Robert F. Darby,* who did not appear
and a representative stated that he did not desire to file a
brief.

The opinion of the court was delivered by

BODINE, J. This writ of *certiorari* brings up the decision
of the Board of Adjustment recommending to the Township
Committee of Springfield Township, Union County, that it
grant a permit to the prosecutor to erect garden type apart-
ments on a tract of land situate on Morris Avenue having a
frontage of 550 feet and a depth of 275 feet. The Board of
Adjustment failed to find that the zoning ordinance imposed
unnecessary hardship on the owner of the property, although
it did find that the variance was in the interest of the public.
Based on the refusal of the Board of Adjustment to find
unnecessary hardship, the Township Committee refused to
grant the variance.

The question posed is, whether failure to find unnecessary
hardship was arbitrary and ill-founded? We think it was.

The prosecutor proved its case of undue hardship before
the Board of Adjustment. It offered William G. Chirgotis,
an architect. He testified that the property could not be

used for one family residence purposes. It faced a high speed highway. The terrain was of such nature that the land could not be subdivided for one family residences.

Mr. Halsey, a civil engineer, testified that there was a cliff 250 feet back from Morris Avenue. The cliff formed a natural dividing line between the two planes of property. In order to keep the water flowing storm sewers must be built. Such would cost $14,000.

Mr. Linnett, a real estate consultant, found the property unfit for a residence A zone building, and that the use of the property for a garden type apartment would not impair the value of the surrounding lands.

No witnesses were called for the objectors.

The proofs also show that Morris Avenue is a highway over which there is heavy passenger and commercial traffic night and day. It is zoned for business purposes 66 feet easterly of the prosecutor's property and for almost a mile is built up with stores, gas stations and other business properties. Recently the owner of the 66 feet strip, between the business district and the prosecutor's land, received a variance in order to erect and maintain a funeral parlor and mortuary on the property.

The site in question dips sharply in front from the grade of Morris Avenue and rises sharply to a point at the southerly end, the difference in grade from the low point to the high point being approximately 30 feet. Considerable excavation and drainage, as we have seen, must be installed.

The proofs show that the property was not usable or salable for single family dwellings for which it is zoned. Since the property is not available, according to the proofs for single dwellings, the ordinance, so far as this property is concerned, is unreasonable. *Brandon* v. *Montclair,* 124 *N. J. L.* 135.

We have no difficulty in finding that the action of the Board of Adjustment in not making a finding of unnecessary hardship was arbitrary and without any proof to sustain it. In fact, all the proofs were to the contrary.

Its action will be set aside.

Mr. Justice Heher does not agree with the conclusions expressed above.